UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAIZEL ARMANDO CALVETTE CHIRINOS
and IRIS VIVAS LAINES,

    Plaintiffs,

  v.                                    Case No. 25-CV-1863

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security, et al.,

    Defendants.

### DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

Raizel Calvette Chirinos is a foreign national in the custody of the U.S. Immigrations and Customs Enforcement ("ICE"). (Compl. ¶ 1, Docket # 1.) Calvette Chirinos and his partner, Iris Vivas Laines, assert that they are being denied their right to marry. Thus, they sue Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting Director of ICE Todd Lyons, Director of the Chicago ICE Field Office Sam Olson, and the United States Citizenship and Immigration Services ("USCIS") (collectively the "defendants") for violation of their rights related to their marriage request. (Counts One through Four). Calvette Chirinos further alleges the defendants are depriving him of the contents of his "A-File" containing information necessary for defending his immigration case, in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* (Counts Five through Seven).

The defendants move to dismiss the plaintiffs' complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, the defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

As an initial matter, the defendants argue that the plaintiffs' claims related to their marriage request are now moot because the designated agency official granted Calvette Chirinos and Vivas Laines permission to marry on December 4, 2025. (Docket # 18 at 4.) Plaintiffs concur that given ICE's approval of their marriage request, the marriage-related claims (Counts One through Four) are now moot and properly dismissed under Fed. R. Civ. P. 12(b)(1). (Docket # 21 at 1 n.1.) Plaintiffs further state that Viva Laines may be dismissed as a party to this action because the remaining claims arising under FOIA (Counts Five through Seven) are brought by Calvette Chirinos alone. (*Id.*) Thus, Counts One through Four are missed pursuant to Fed. R. Civ. P. 12(b)(1). Vivas Laines is dismissed as a plaintiff in this case.

As to Calvette Chirinos' remaining claims under FOIA (Counts Five through Seven), he alleges that on October 6, 2025, Calvette Chirinos, through counsel, submitted a FOIA request to the USCIS. (Compl. ¶ 23.) The request sought the entire contents of Calvette Chirinos' "A-File." (*Id.*) USCIS acknowledged receipt of the FOIA Request on October 8, 2025. (*Id.* ¶ 24.) On October 16, 2025, USCIS responded to the FOIA request, producing eight pages of records in full and 14 pages in part. (*Id.* ¶ 25.) Seventy-seven pages were withheld in full. (*Id.*) Calvette Chirinos asserts that USCIS applied exemptions (b)(6), (b)(7)(C), and (b)(7)(E) under 5 U.S.C. § 552(b) to the withheld records. (*Id.*) Calvette Chirinos alleges that USCIS did not properly apply these exemptions. (*Id.* ¶ 26.) Specifically, exemption (b)(6) applies only where disclosure would constitute a clearly unwarranted

invasion of personal privacy and because the records requested concern Calvette Chirinos' own immigration file, disclosure to his legal representative cannot invade any third party's privacy interests. (*Id.*) He further asserts that exemptions (b)(7)(C) and (b)(7)(E) apply to protect law enforcement interests; however, the records at issue do not appear to involve ongoing investigations or sensitive law enforcement techniques. (*Id.* ¶ 27.)

Calvette Chirinos further alleges that FOIA requires that any reasonably segregable portion of a record be released after redacting only those portions properly exempt, 5 U.S.C. § 552(b), and the agency must "consider whether partial disclosure of information is possible" and "take reasonable steps necessary to segregate and release nonexempt information," 5 U.S.C. § 552(a)(8)(A)(ii). (*Id.* ¶ 28.) He argues that the full-page withholdings in this case suggest that the users did not adequately perform this required segregability analysis. (*Id.*) Calvette Chirinos alleges that the records produced do not appear to be his complete file, as his I-589 Application For Asylum and For Withholding of Removal is either not in the results, or is being improperly withheld. (*Id.* ¶ 29.)

USCIS issued its final response to the FOIA request on October 16, 2025, and Calvette Chirinos filed an administrative appeal on October 30, 2025, identifying the same issues alleged in his complaint. (*Id.* ¶¶ 30–31.) The Appeals Office did not respond to the administrative appeal within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii). (*Id.* ¶ 32.)

## APPLICABLE RULE

Defendants move to dismiss Calvette Chirinos' FOIA claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the

3

Case 2:25-cv-01863-NJ    Filed 03/04/26    Page 3 of 11    Document 23

claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

Calvette Chirinos asserts that Defendants have violated FOIA in multiple ways. First, in Count Five, he alleges that the defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for responsive records and Defendants have

failed to do so. (Compl. ¶¶ 80–84.) Next, in Count Six, he alleges that USCIS has improperly withheld 24 pages of responsive records in part and 37 pages in full, in violation of 5 U.S.C. § 552(a)(8)(A)(i) and (b). (*Id.* ¶¶ 85–90.) And finally, in Count Seven, Calvette Chirinos alleges that Defendants failed to produce segregable information in violation of 5 U.S.C. § 552(a)(8)(A)(ii) and (b). (*Id.* ¶¶ 91–95.) Defendants argue that the FOIA counts fail to state plausible claims for relief. I will address each count in turn.

  *1. Legal Framework of FOIA*

The Supreme Court has stated that the "basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). As such, "[n]on-exempt records are to be made 'promptly available' for little more than payment of copying costs." *Jud. Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 780 (D.C. Cir. 2018) (citing 5 U.S.C. § 552(a)(3)(A)). FOIA specifically provides that, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The statute further provides that for record requests made under the subsection, each agency must "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor." *Id.* § 552(a)(6)(A)(i)(I).

FOIA also provides certain exceptions in which the requesting agency must withhold information, such as if the agency reasonably foresees that disclosure would harm an

interest protected by an exemption described in subsection (b). *Id.* § 552(a)(8)(A)(i)(I). Subsection (b) provides a list of exemptions, including, in relevant part, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"; "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"; and "records or information compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Id.* §§ 552(b)(6), (b)(7)(C), (b)(7)(E). The statute further provides, however, that any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." *Id.* § 552(b).

   2.   *Application to this Case*

      2.1   Failure to Conduct Adequate Search

Calvette Chirinos alleges that Defendants have failed to conduct a reasonable search for records responsive to his FOIA request. (Count Five). Defendants argue that Calvette Chirinos requested his "Complete A File," explaining that an "Alien File" or "A File" contains records pertaining to an individual's immigration history, as identified by his Alien Registration Number. (Docket # 18 at 8.) Defendants argue that agencies are not obligated to search for records outside of their control and the failure to turn up a specific document does not alone render a search inadequate. (*Id.* at 8–9, citing *Jones Edwards v. NSA*, 196 F. App'x 36, 38 (2nd. Cir. 2006); *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).) Defendants argue that Calvette Chirinos merely alleges the documents

produced do not contain his I-589 application and the "mere absence of purportedly responsive documents alone is not sufficient to support Plaintiffs' claim that Defendants failed to conduct an adequate search for records." (*Id.* at 9.)

Defendants' arguments are better suited for summary judgment. The Seventh Circuit explains that an agency's search is adequate if it can show that "it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Rubman v. U.S. Citizenship & Immigr. Servs.*, 800 F.3d 381, 387 (7th Cir. 2015) (internal quotation and citation omitted). While good faith is presumed, "it can be bolstered by evidence of the agency's efforts to satisfy the request" and reasonableness "is a flexible and context-dependent standard." *Id.* The court explains that evidence that a search was reasonable and conducted in good faith "generally comes in the form of 'reasonably detailed nonconclusory affidavits submitted in good faith.'" *Id.* (quoting *Matter of Wade*, 969 F.2d 241, 249 n.11 (7th Cir.1992)). In response to such evidence, the FOIA requester can present countervailing evidence as to the adequacy of the search. *Id.*

Given this law, it is difficult to see how Calvette Chirinos' "inadequate search" claim can be resolved on the four corners of the complaint. He alleges that it appears USCIS did not produce his complete file, as evidenced by the lack of his I-589 form. (Compl. ¶ 29.) He asserts that, upon information and belief, USCIS has not conducted or completed an adequate search. (*Id.* ¶ 82.) I cannot find, at this juncture, that the lack of the I-589 form in the A-File constitutes the only countervailing evidence Calvette Chirinos may present as to the adequacy of the search. Given the context-specific nature of this claim, it is more

properly addressed on a fully developed record. Thus, Defendants' motion to dismiss Count Five is denied.

        2.2       Improper Withholding of Records

Calvette Chirinos alleges USCIS improperly withheld records from production in violation of FOIA. (Count Six). He asserts that USCIS withheld 24 pages of responsive records in part and 37 pages in full, citing FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E) under 5 U.S.C. § 522(b). The government agency bears the burden of justifying its decision to withhold the requested information. *Patterson v. I.R.S.*, 56 F.3d 832, 836 (7th Cir. 1995). The government can show this if the "agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed." *Id.* (internal quotation and citation omitted).

Again, it is unclear how this issue can be decided on a motion to dismiss. Defendants provide various explanations as to why Calvette Chirinos' allegations that USCIS improperly applied the FOIA exemptions are wrong. For example, Calvette Chirinos alleges that exemption (b)(6) applies only where disclosure would constitute a clearly unwarranted invasion of personal privacy and the records requested concern Calvette Chirinos' own immigration file; thus, it cannot invade any third party's privacy interests. (Compl. ¶ 26.) Defendants assert that Calvette Chirinos' premise is incorrect because it "ignores the nature of the records that [are] found within an individual's immigration file" including "forms and other formal records containing signatures, titles, names, and other personally identifiable information for a variety of individuals, including officials from a variety of federal agencies." (Docket # 18 at 5.) Defendants cite no affidavit, nor any evidence in support of

its defense. That is likely because Defendants filed a motion to dismiss, not a motion for summary judgment, and a motion to dismiss tests the sufficiency of the allegations, not whether either party will ultimately succeed on the claim.

The same can be said for Calvette Chirinos' allegations that USCIS misapplied (b)(7)(C) and (b)(7)(E). He alleges that these two exemptions apply to protect law enforcement interests; however, the records at issue do not appear to involve ongoing investigations or sensitive law enforcement techniques. (Compl. ¶ 27.) Defendants argue that the Court "possesses no factual basis from which to find that Defendants have improperly applied the subsection (b)(7)(C) exemption in this case." (Docket # 18 at 7.) That may be true; however, I similarly lack a factual basis to find that Defendants have *properly* applied the exemption in this case. This is because the record lacks such evidentiary facts on a motion to dismiss.

Finally, Defendant argues that (b)(7)(E) was proper because, as Calvette Chirinos is "likely aware, numerous forms of vetting are conducted on any individuals the federal government is seeking to administratively prosecute for removal from the United States" that will include "the cross-referencing of an alien's biometric and other information against a variety of criminal and other propriety government databases, which, if revealed, would only serve to aid those seeking to evade detection and apprehension by immigration authorities." (Docket # 18 at 7.) Again, Defendants provide no evidentiary support for this assertion. Rather, they cite several out-of-circuit cases for the proposition that courts "have routinely upheld the nondisclosure of such methods in this context." (*Id.* at 7 n.4.) All of these cases, however, were decided on summary judgment. While Defendants allege Calvette Chirinos' allegations are "overly simplistic and factually incorrect" (*id.* at 8), that is

not the standard for failure to state a claim on a motion to dismiss. Rather, a court must accept the well-pleaded factual allegations in the complaint as true and then determine whether the factual allegations plausibly suggest entitlement to relief. Calvette Chirinos' complaint has done so. Thus, Defendants' motion to dismiss Count Six is denied.

### 2.3 Failure to Produce Segregable Information

Finally, Calvette Chirinos asserts that USCIS failed to segregate exempt information in otherwise non-exempt records responsive to his FOIA request. (Count Seven). FOIA requires that any "reasonably segregable portion of a record" be provided "after deletion of the portions which are exempt." 5 U.S.C. § 552(b). As with an inadequate search claim, an agency is entitled to a presumption that it complied with its obligation to disclose all reasonably segregable material. *Stevens v. United States Dep't of Health & Hum. Servs.*, 747 F. Supp. 3d 1115, 1125 (N.D. Ill. 2024).

Defendants essentially argue that a mere "cursory examination" of USCIS's production of documents confirms that "USCIS went to considerable efforts to appropriately segregate portions of documents that were exempt from disclosure from those not exempt." (Docket # 18 at 10.) Again, this is not an issue decided on a motion to dismiss. I cannot determine the "reasonableness" of USCIS's efforts to segregate the exempt information from the non-exempt information at this juncture. Neither does Calvette Chirinos have the opportunity to present evidence to rebut the presumption in favor of USCIS. Defendants' motion to dismiss Count Seven is similarly denied.

## CONCLUSION

Defendants argue Calvette Chirinos' complaint fails to state a claim as to any of his three causes of action arising under FOIA. Defendants' arguments improperly consist of

citation to materials outside the record, as well as assertions unsupported by evidentiary facts. Given each of these causes of action are fact-intensive and rely on the "reasonableness" of the agency's actions, it would be a rare case indeed that could be decided on a motion to dismiss. This is not one of them. For these reasons, Defendants' motion to dismiss Calvette Chirinos' FOIA claims is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Docket # 17) is **GRANTED IN PART AND DENIED IN PART**. Defendants' Moton to Dismiss Counts One through Four of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is granted. Vivas Laines is dismissed as a plaintiff in this case. Defendants' Motion to Dismiss Counts Five through Seven of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

**IT IS FURTHER ORDERED** that the Clerk's Office will contact the parties regarding further scheduling in this case.

Dated at Milwaukee, Wisconsin this 4th day of March, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge